**Huseyin FEROGLU, Petitioner–Appellant,**

v.

**Alberto GONZALES, Respondent–Appellee.**

No. 04–4328–AG.

United States Court of Appeals, Second Circuit.

March 27, 2006.

Robert Pures, New York, New York, for Petitioner–Appellant.

James Nelson, Assistant United States Attorney, Baton Rouge, Louisiana (David Dugas, United States Attorney, Baton Rouge, Louisiana), for United States.

Present: THOMAS J. MESKILL, ROSEMARY S. POOLER, and PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

At a stated Term of the United Stated Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 27th day of March, two thousand and six.

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED, the BIA's decision is VACATED, and the case is REMANDED to the BIA for further proceedings consistent with this order.

Huseyin Feroglu ("Feroglu" or "appellant"), through counsel, petitions for review of the BIA's July 20, 2004, decision, which affirmed the Immigration Judge's ("IJ") October 6, 2003, denial of Feroglu's motion to reopen his removal proceedings. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues on appeal.

Where, as here, the BIA affirms the decision of the IJ without opinion, we review the IJ's decision. *Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). Denial of motions to reopen, including motions to reopen challenging orders of removal entered in absentia, are reviewed for abuse of discretion. *Iavorski v. INS*, 232 F.3d 124, 128 (2d Cir.2000). When reviewing a motion to reopen, the IJ must consider the record as a whole and issue a reasoned opinion. *See Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 97 (2d Cir.2001).

An alien may by ordered removed in absentia if he fails to appear at a scheduled hearing and the INS provides clear, unequivocal, and convincing evidence that the alien received written notice of the hearing and that the alien is removable. 8 U.S.C. § 1229a(b)(5)(A). An alien may file a motion to reopen, within 180 days, if he has been ordered removed in absentia, and that motion will be successful if he can demonstrate exceptional circumstances justifying his absence. 8 U.S.C. § 1229a(b)(5)(C)(i). The INA defines exceptional circumstances as situations beyond an alien's control. 8 U.S.C. § 1229a(e)(1). In reviewing an order entered in absentia, a court may consider only "(i) the validity of the notice provided to the alien, (ii) the reasons for the alien's not attending the proceeding, and (iii) whether or not the alien is removable." 8 U.S.C. § 1229a(b)(5)(D). It may be considered an abuse of discretion where an IJ does not make any findings as to why a petitioner did not appear on time for his scheduled hearing. *Romero–Morales v. INS*, 25 F.3d 125, 129 (2d Cir.1994).

Here, the IJ denied Feroglu's motion to reopen on the grounds that he did not meet the requirements of *Matter of Lozada*, 19 I & N Dec. 637, 639, 1988 WL 235454 (BIA 1988), and Feroglu's written statement that accompanied his motion to

**592**

reopen was not sworn to be true. Regarding the first ground, Feroglu explicitly stated in his motion to reopen, "[w]e submit that the case *Matter of Lozada* does not apply and the exceptional circumstances arise from confusion rather than a claim of ineffective [assistance of] counsel." The IJ treated appellant's motion as one claiming ineffective assistance of counsel, rather than examining the record to determine whether exceptional circumstances prevented Feroglu from appearing at his hearing. This was an abuse of discretion. On remand, the BIA must examine the record to determine whether appellant can demonstrate exceptional circumstances justifying his absence from his hearing.

The second ground cited by the IJ is the requirement that a motion to reopen "shall be supported by affidavits and other evidentiary material." 8 CFR § 1003.23(b)(3). The IJ objected to appellant's motion because it was "not sworn to as true." However, it is unclear from the record whether the statement was sworn to be true, because a notary public appears to have signed the statement. More importantly, the IJ addressed this issue in the context of what he believed was an ineffective assistance of counsel claim. Having found that the motion did not claim ineffective assistance of counsel, we must also conclude that the IJ's decision on the affidavit issue was an abuse of discretion. We note that the only cases in which a denial of a motion to reopen has been upheld, based solely on the fact that the movant failed to provide a sworn affidavit, are in the context of *Lozada* claims.

Accordingly, Feroglu's petition for review is GRANTED. The BIA's decision is VACATED, and the case is REMANDED to the BIA for further proceedings consistent with this order. Any pending motion for a stay of removal in this petition is DENIED as moot.